Graham, Judge,
delivered the opinion of the court:
This case involves a contract dated July 1, 1920, for supplying coal to the Government at Camp Funston, Kans. The contract provides:
“ The contractor shall furnish and deliver to the United States, and the United States ,shall accept and pay for the articles of work described and upon the terms and conditions set forth in Schedule ‘A,’ attached hereto and by reference made part hereof.”
*727 Schedule “A,” among other things, provides:
“ Schedule of Del.: As called for by the supply officers on or before June 30,1921, of Camp Funston, Kans.”
and contains the further provision :
“At the expiration of contract undelivered material not covered by calls will be automatically cancelled.”
These two provisions of this schedule are not contained in the schedule in the Burton case, infra. The form of the body of the contract is the same as in the Burton Coal Co. case, 60 C. Cls. 294, 273 U. S. 337, and contains the following clause, which was in the contracts in both of these cases:
“Section 2. Termination in public interest.- — If, in the opinion of the Quartermaster General, the public interest shall so require, this contract may be terminated by the United States by 15 days’ notice in writing from the contracting officer to the contractor, and such termination shall be deemed to be effective upon the expiration of 15 days after the giving of such notice.”
After the execution of the contract the defendant issued orders on the 29th of August and 30th of August, 1920, respectively, for the entire amount of both hinds of coal called for by the contract. It thus waived any privileges or rights which it might have had under the two provisions above quoted and became bound to take the whole amount of coal called for by the contract ju,st as if there had been an original purchase of all of it by the terms of the contract and no provision as to deliveries and call, as was the case in the Burton Coal Co. case. The provision for the automatic cancellation at the expiration of the contract of coal not covered by calls became inoperative because all of the coal had been called for, and so, too, as to the provision regarding deliveries. Whether if all of the coal had not been called for the defendant would have been liable under its contract in- case of a refusal to call for more and to take all of the coal is therefore not in the case. The question has been raised, but in view of the conclusion stated it is not necessary to pass upon it.
It does not appear that the Quartermaster General exercised the discretion necessary for cancellation or that the *728 contracting officer gave the required 15 days’ notice. The ca.se is therefore ruled by the Burton Coal Co. case. The defendant breached its contract by ordering the plaintiff to cease delivery of coal and its refusal to accept the balance of the coal which it was obligated to take. The plaintiff is therefore entitled to a recovery of such damage as it may have suffered by reason of the breach.
The contract in this case provides:
“ Paragraph 19a.- — Prices submitted shall be on the recognized scale of wages for the district in which the mine or mines from which the coal is to be furnished may be located. It is agreed that if at any time during the continuance of the contract the wages so paid for the particular district are increased or decreased the prices agreed upon and provided for in the contract shall be increased or decreased accordingly.”
This provision was affio in the contract in the Burton Coal Co. case. The plaintiff in this case, as in that, was a seller of coal and not a miner or producer. The contract here, as there, was a contract of sale. In the Burton Coal Co. case the increase of wages was allowed. The only difference between the two cases i,s that the allowance in the Burton Coal Co. case was made before the execution of the contract, but after its date, and in this case the allowance was made after the execution of the contract. It is not clear how this difference could affect the principle involved. As stated, this was a contract of sale, and by agreement of the parties the price named in the contract was increased on account of wage increa.se and an additional amount allowed, which had been paid for coal delivered up to the time of the breach of the contract. That a decrease in wages might have taken place after the date of breach, or what happened after that time, can not be considered in arriving at the rights of the parties at the time of the breach. At that time the contract price which the defendant was obligated to pay to the plaintiff was the contract price of the coal plus the allowance made for wage increase, and this must be the contract price to be used in estimating the plaintiff’s loss or damage; that is to say, plaintiff’^ loss or damage is the difference between this price and the fair market value of coal at the date of *729 the breach at the place of delivery, which the findings show to have been the sum ,of $45,227.55. For this sum plaintiff should have judgment, and it is so ordered.
GREEN, Judge/ Moss, Judge; and Booth, Chief Justice, concur.